**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4543-15T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

MARK HUERTAS,

     Defendant-Appellant.

_____

Submitted September 26, 2017 — Decided November 14, 2017

Before Judges Fasciale, Sumners and Moynihan.

On appeal from Superior Court of New Jersey,
Law Division, Passaic County, Municipal Appeal
No. 6087.

Richard P. Blender, attorney for appellant.

Camelia M. Valdes, Passaic County Prosecutor,
attorney for respondent (Tom Dominic Osadnik,
Assistant Prosecutor, of counsel and on the
brief).

PER CURIAM

    Defendant appeals from his de novo conviction for driving
while intoxicated (DWI), N.J.S.A. 39:4-50.  Defendant moved to
suppress evidence, contending police lacked a reasonable and

articulable suspicion to stop his motor vehicle. His motion was denied in municipal court, and he pleaded guilty to DWI. On appeal, the Law Division judge upheld the denial of the motion and imposed the same sentence defendant received in municipal court.

Defendant's sole argument on appeal is:

> AN ANONYMOUS CALL TO THE POLICE THAT THERE "MIGHT BE A DRUNK DRIVER" [WAS] NOT SUFFICIENT TO ESTABLISH A REASONABLE ARTICULABLE SUSPICION OF CRIMINAL ACTIVITY SUFFICIENT TO JUSTIFY A [STOP] OF A MOTOR VEHICLE.

We conclude the stop of defendant's vehicle was justified because the information received from the caller and the sergeant's observations prior to effecting the stop provided a reasonable, articulable suspicion that the operator of the vehicle was intoxicated. We therefore affirm.

In reviewing an order denying a motion to suppress, we "uphold the factual findings underlying [a judge's] decision so long as those findings are supported by sufficient credible evidence in the record." State v. Gamble, 218 N.J. 412, 424 (2014). We only reverse if the decision was "so clearly mistaken that the interests of justice demand intervention and correction." Id. at 425 (quoting State v. Elders, 192 N.J. 224 (2007)). The "[judge's] interpretation of the law, however, and the consequences that flow from established facts are not entitled to any special deference[,]" and are therefore "reviewed de novo." Ibid.

The Law Division judge found Wanaque Borough police Sergeant Spillane, who performed the challenged motor vehicle stop, received a radio transmission that an off-duty officer from another municipality observed a vehicle being operated by a driver who was possibly intoxicated. The broadcast to Spillane also gave a description of the vehicle and its New Jersey license plate information. The judge also found that the off-duty officer informed the dispatcher that the operator's "driving [was] erratic" and that the driver "fail[ed] to maintain a lane."

The judge credited evidence that Spillane, prior to effecting the motor vehicle stop, "observed defendant's vehicle [for twenty to twenty-five seconds and saw it] go over towards the left portion of the lane and touch[] a double yellow line with the left driver's side and rear tires." The judge viewed a mobile video recorder (MVR) video that confirmed defendant's front and rear tires were on the yellow line for approximately four seconds. As the officer pulled the car over, it "appeared to run over the left curb" as it turned into the QuickChek parking lot, but that observation was made after he activated his overhead lights.

It is axiomatic that "a police officer is justified in stopping a motor vehicle when he has an articulable and reasonable suspicion that the driver has committed a motor vehicle offense." State v. Golotta, 178 N.J. 205, 212-13, (2003) (quoting State v.

Locurto, 157 N.J. 463, 470 (1999)). The reasonable suspicion needed to initiate an investigative stop requires less than the quantum of proof necessary to establish probable cause. Id. at 213. The State must "demonstrate by a preponderance of the evidence that it possessed sufficient information to give rise to the required level of suspicion." State v. Amelio, 197 N.J. 207, 211 (2008), cert. denied, 556 U.S. 1237, 129 S. Ct. 2402, 173 L. Ed. 2d 1297 (2009).

Police officers are permitted to stop an automobile on the basis of a 9-1-1 call alleging intoxicated driving as long as the 9-1-1 caller "convey[s] an unmistakable sense that the caller has witnessed an ongoing offense that implicates a risk of imminent death or serious injury to a particular person such as a vehicle's driver or to the public at large." Golotta, supra, 178 N.J. at 221-22. The call must be made "close in time to his first-hand observations." Id. at 222. Finally, the caller must "provide a sufficient quantity of information, such as an adequate description of the vehicle, its location and bearing, or 'similar innocent details, so that the officer, and the court, may be certain that the vehicle stopped is the same as the one identified by the caller.'" Ibid. (quoting United States v. Wheat, 278 F.3d 722, 731 (8th Cir. 2001), cert. denied, 537 U.S. 850, 123 S. Ct. 194, 154 L. Ed. 2d 81 (2002)).

The call from the off-duty officer informed that he had directly observed the operation of a vehicle by a driver he believed to be intoxicated. The off-duty officer told the dispatcher the driver was operating erratically and failed to maintain the lane of travel. Observation of such operation is sufficient to justify a DWI stop. Golotta, supra, 178 N.J. at 209. Although the manner of operation reported by the off-duty officer to the dispatcher was not conveyed to Spillane, those facts, contrary to defendant's argument on appeal, can be used to establish the State's burden:

> It is understood "that effective law enforcement cannot be conducted unless police officers can act on directions and information transmitted by one officer to another and that officers, who must often act swiftly, cannot be expected to cross-examine their fellow officers about the foundation for the transmitted information." United States v. Robinson, 536 F.2d 1298, 1299 (9th Cir. 1976); see also United States v. Hensley, 469 U.S. 221, 230-31, 105 S. Ct. 675, 681, 83 L. Ed. 2d 604, 613 (1985) (explaining that information possessed by dispatcher was imputed to responding police officers, and that dispatcher's knowledge, not responding officers', was essential for determining probable cause); Whiteley v. Warden of Wyo. State Penitentiary, 401 U.S. 560, 568, 91 S. Ct. 1031, 1037, 28 L. Ed. 2d 306, 313 (1971) (holding that police who arrested and searched defendant were entitled to rely and act on radio bulletin and stating that "police officers called upon to aid other officers in executing arrest warrants are entitled to assume that the officers requesting aid

> offered the magistrate the information requisite to support an independent judicial assessment of probable cause").
>
> [State v. Crawley, 187 N.J. 440, 457 (2006); see also State in the Interest of H.B. 75 N.J. 243, 265 (1977) (Handler, J., dissenting) (stating, "police action must be assessed for reasonableness in constitutional terms by reference to the sum total of the information and knowledge available to the police collectively and not by the isolated or selective consideration of only a part of the total composite").]

The reliability of the information provided by the off-duty officer is presumed. United States v. Ventresca, 380 U.S. 102, 111, 85 S. Ct. 741, 747, 13 L.Ed. 2d 684, 691 (1965).

Moreover, the information provided to Spillane, together with his observations, justified the stop. Spillane promptly located the vehicle that matched the information provided by the off-duty officer. Spillane's observation of defendant's vehicle buttressed the suspicion that the operator was intoxicated. Defendant did not maintain his vehicle within the marked travel lane as required by N.J.S.A. 39:4-88(b), as confirmed by the MVR.

The information provided by the off-duty officer, together with Spillane's own observations, satisfied the reasonable and articulable suspicion standard. An urgency arose from the recognized fact that intoxicated or erratic drivers pose a significant risk of death or injury to themselves and to the

public.  See Golotta, supra, 178 N.J. at 218.  The stop was justified.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4543-15T4